IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY GADLEY, | Case No.: 3:13-cv-00017 |
| Plaintiff, | The Honorable Kim R. Gibson |
| v. | |
| JERRY ELLIS trading as JERRY ELLIS CONSTRUCTION, | |
| Defendant. | |

## MOTION TO INTERVENE

NOW COMES The Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, Walsh, Barnes, Collis & Zumpella, P.C., and Adam M. Barnes, Esquire, and pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure files this Motion to Intervene and states as follows:

1. This civil matter arises out of a dispute between Plaintiff and Defendant arising out of Defendant's installation of Thermocore Structural Insulated Panel Systems at Plaintiff's residence in Champion, Pennsylvania, in October 2011. Generally, Plaintiff alleges that the panel system was not installed correctly in accordance with the contract between the parties and standard installation procedures and as such Plaintiff filed suit, asserting causes of action for breach of contract and breach of expressed and/or implied warranty and seeking compensatory damages from Defendant.

2. Cincinnati is presently defending Defendant, subject to a reservation of rights. For the policy period of June 2, 2010 to June 2, 2013, Cincinnati insures Jerry Ellis d/b/a Ellis Construction Company under policy number ENP 003 77 50, which affords coverage under the

Commercial General Liability policy, subject to terms, conditions, limitations, exclusions and endorsements set forth therein.

3.On July 31, 2014, Cincinnati filed a Declaratory Judgment Action in this Court, which is currently pending at Civil Action No. 3:14-cv-00155 and captioned *The Cincinnati Insurance Company v. Jerry Ellis Construction, et al.* Cincinnati seeks a declaration and it is not obligated to defend and indemnify Defendant under the aforesaid policy against the allegations and claims set forth by Plaintiff in the present litigation.

4.Cincinnati seeks to intervene in this case under F.R.C.P. 24 for sole and limited purpose of participating in the formulation of specific interrogatories to be submitted to the jury at the time of trial in the current matter so as to protect Cincinnati's interests with respect to the Declaratory Judgment Action. Specifically, to the extent the jury renders a verdict for Plaintiff Cincinnati seeks to have the jury provide a breakdown of the verdict by category: (a) the amount awarded for the cost to repair or replace the SIP panels, (b) the amount awarded for indirect costs incurred to during the repair or replacement of the SIP panels, (c) the amount awarded for any resulting damage to property, and (d) the amount awarded for economic-only damages. The answers the jury gives to specific interrogatories on these categories of damages may make issues in the Declaratory Judgment Action moot or, in the alternative, will prevent Cincinnati and the parties from having to litigate, and the Court having to decide, those issues in the Declaratory Judgment Action.

5.If Cincinnati is not allowed to submit interrogatories to the jury, and the evidence is presented in a manner that is not possible to discern on what basis the jury awarded damages, Cincinnati's ability to protect its interests will be impaired because Cincinnati may not be able to demonstrate in the Declaratory Judgment Action based on the jury's verdict in this matter the

breakdown of the jury's verdict in favor of Plaintiff, if any, which is necessary to resolve the coverage issues presented in the Declaratory Judgment Action.

6. Cincinnati's Motion is timely and intervention will not prejudice the parties. Cincinnati does not seek to be heard on any pretrial motions, engage in any discover, extend any deadlines, sit at either counsel's table during trial, be introduced to the jury, or otherwise be made known to the jury. The sole purpose of this motion is to allow Cincinnati to submit specific interrogatories for the Court's consideration, which will only be presented to the jury after the close of evidence for the purpose of providing an itemized verdict.

7. Cincinnati requests that it be allowed to intervene in this case for the sole and limited purpose of submitting jury interrogatories for the Court's consideration.

WHEREFORE, The Cincinnati Insurance Company respectfully requests this Honorable Court to enter into an order granting the Motion to Intervene for the sole and limited purpose of submitting jury interrogatories for the trial of this matter.

Respectfully submitted,

By: /s/ Adam M. Barnes
Adam M. Barnes, Esquire
WALSH, BARNES, COLLIS & ZUMPELLA, P.C.
707 Grant Street
Gulf Tower, Suite 1400
Pittsburgh, PA 15219
(412) 258-2255
(412) 263-5632 – fax
abarnes@walshlegal.net
*Counsel for The Cincinnati Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of **MOTION TO INTERVENE** has been served upon counsel of record via the ECF System for the United States District for the Western District of Pennsylvania on this ____ day of April, 2015.

Vincent J. Barbera, Esquire
Craig J. Sperlazza, Esquire
Barbera, Clapper, Beener, Rullo & Melvin, LLP
146 West Main St.
Somerset, PA 15501
*Counsel for Plaintiff, Gary Gadley*

Joseph F. Butcher, Esquire
Zimmer Kunz, P.L.L.C.
310 Grant St., Ste. 3000
Pittsburgh, PA 15219
*Counsel for Defendant, Jerry Ellis trading as Jerry Ellis Construction*

WALSH, BARNES, COLLIS & ZUMPELLA, P.C.

By:_____/s/ Adam M. Barnes_____
Adam M. Barnes, Esquire
Counsel for Plaintiff