IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY GADLEY,

    Plaintiff,

v.

JERRY ELLIS trading as JERRY ELLIS CONSTRUCTION,

    Defendant.

Case No.: 3:13-cv-00017

The Honorable Kim R. Gibson

## THE CINCINNATI INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE

NOW COMES The Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, Walsh, Barnes, Collis & Zumpella, P.C., and Adam M. Barnes, Esquire, and files this Reply to Plaintiff, Gary Gadley's ("Gadley") Opposition to Motion to Intervene and states as follows:

Gadley offers several objections to Cincinnati's Motion to Intervene; however, none of the objections warrant denying the Motion.

Gadley asserts that Cincinnati's rights are "merely contingent", but Gadley either does not appreciate or is unwilling to acknowledge that Cincinnati's rights with respect to the coverage issues raised in the Declaratory Judgment Action cannot be fully protected within the confines of the Declaratory Judgment Action because it will be a jury in this case that decides the amount of monetary damages, if any, it will award to Gadley and for what items of damage.

During the March 24, 2015 mediation held in the Declaratory Judgment Action, Gadley contested Cincinnati's coverage position that the entire cost to repair or replace the SIP panels installed by Ellis (including the cost to remove and replace portions of the roof to gain access to the SIP panels) is excluded from coverage under the Cincinnati policy. Thus, the mediation

brought to the forefront Gadley's position that the Cincinnati policy offers coverage for the cost to remove and replace portions of the roof to gain access to the SIP panels during the repair process. Should the Court in the Declaratory Judgment Action accept Gadley's position, it becomes paramount that the jury in this case itemizes the verdict to apportion damages between these two (2) categories of damages.

Furthermore, now that Gadley is permitted to pursue a recovery for damages to the interior of the residence, it is imperative that any award by the jury be itemized as coverage for such damages will also be the subject of the Declaratory Judgment Action.

Gadley is simply wrong when he asserts that Cincinnati can protect any right it claims to have in the Declaratory Judgment Action because intervention in this case is the only way Cincinnati can fully protect itself in the Declaratory Judgment Action against an ill-defined verdict rendered in this case.

Cincinnati is between a rock and a hard place and is pursuing the course of action identified by the Pennsylvania Superior Court in *Butterfield v. Giuntoli*, 670 A.2d 646, 658 (Pa. Super. 1996) to protect its interests as best it can. If Cincinnati is not allowed to intervene in this case, and the jury renders a lump sum verdict, Cincinnati runs the risk that the Court in the Declaratory Judgment Action will conclude that it cannot determine what aspect of the verdict is not covered and use a lump sum verdict to Cincinnati's disadvantage. Cincinnati's Motion is the only way for Cincinnati to fully protect its interests in the Declaratory Judgment Action.

Gadley asserts that Cincinnati's Motion is untimely; however, this argument should be rejected. Again, Cincinnati filed the Motion in direct response to the coverage arguments made by Gadley during the mediation held in the Declaratory Judgment Action. Additionally, granting the Motion will not cause the delay of the trial in this case.

Contrary to Gadley's doomsday scenario, granting the Motion will not delay the trial of this matter and, furthermore, will not require the Court to reopen discovery, the parties to retain experts to address insurance issues or the parties to offer different evidence or testimony at trial. All that is required to protect Cincinnati's rights is for the parties to submit proposed verdict forms and for the Court to issue a ruling on the same; which is no different than what the Court would have had to do if Cincinnati had not filed its Motion. Upon information and belief, the Court has not yet made any ruling on the format and content of the verdict form and, therefore, granting Cincinnati's Motion will not cause the parties and the Court to revisit this issue.

Gadley fails to adequately explain how the jury will be confused by itemizing a verdict between the costs to be incurred to repair or replace the SIP panels and the costs to be incurred to remove and replace other aspects of the roof to gain access to the SIP panels at issue. To the contrary, this information can be ascertained by the jury based upon Gadley's Estimate Sheet for "Replacement of Roofs A & B (In-Kind), marked as Exhibit "1". With this Estimate already itemizing the costs for "demolition" and "new construction", and providing a detailed breakdown of the costs to be incurred under each category, clearly the evidence has already been developed in this manner and as such the jury will not be confused and the parties will not be prejudiced by a jury verdict form that follows the itemization being sought by Cincinnati. Surely, the parties were on notice during the course of discovery that Gadley's repair estimate was formulated in this manner and, therefore, a verdict form that follows this formula will not result in any surprise to the parties.

It is of significant importance to Cincinnati that the verdict form be itemized as request should the jury award Gadley damages in an amount less than that set forth in Exhibit "1". Under such a scenario, it will be crucial to protect Cincinnati's interests to require the jury to

3

itemize the amounts being awarded for these two (2) categories of damages as there will be no other way for the parties and the Court in the Declaratory Judgment Action to determine how much the jury awarded for each category of damages.

Furthermore, adding a third category to the verdict form specific to an award, if any, for damage to the interior of the residence due to water infiltration attributed to Ellis' work will not confuse the jury nor will the parties be prejudiced by the same.

Gadley's assertion that he will need factual and expert testimony and factual and expert evidence above and beyond what Gadley surely intended to offer at trial is unfounded and not well supported. Again, Cincinnati does not request nor should the Court seek to interject the insurance policy language and interpretation of that language into this matter. All Cincinnati seeks is for the jury to provide an itemized verdict in a format that will assist the parties and Court in the Declaratory Judgment Action since the breakdown of the verdict may be required when determining the scope of coverage for an adverse verdict and the Court has only one (1) opportunity to obtain this information from the jury.

Allowing Cincinnati to intervene in this case for the sole and limited purpose of formulating an itemized verdict form is the only way to adequately protect Cincinnati's rights and interests and assist the Court in the Declaratory Judgment Action when determining what aspect of that verdict is covered under the Cincinnati policy. Gadley has failed to establish that granting Cincinnati's Motion is prejudicial to Gadley's rights in this case.

WHEREFORE, The Cincinnati Insurance Company respectfully requests this Honorable Court to enter an order granting the Motion to Intervene.

Respectfully submitted,

By: /s/ Adam M. Barnes
Adam M. Barnes, Esquire
WALSH, BARNES, COLLIS & ZUMPELLA, P.C.
707 Grant Street
Gulf Tower, Suite 1400
Pittsburgh, PA 15219
(412) 258-2255
(412) 263-5632 – fax
abarnes@walshlegal.net
*Counsel for The Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **THE CINCINNATI INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE** has been served upon counsel of record via the ECF System for the United States District for the Western District of Pennsylvania on this 15th day of June, 2015.

Vincent J. Barbera, Esquire
Craig J. Sperlazza, Esquire
Barbera, Clapper, Beener, Rullo & Melvin, LLP
146 West Main St.
Somerset, PA 15501
*Counsel for Plaintiff, Gary Gadley*

Joseph F. Butcher, Esquire
Zimmer Kunz, P.L.L.C.
310 Grant St., Ste. 3000
Pittsburgh, PA 15219
*Counsel for Defendant, Jerry Ellis trading as Jerry Ellis Construction*

WALSH, BARNES, COLLIS & ZUMPELLA, P.C.

By: /s/ Adam M. Barnes
Adam M. Barnes, Esquire
*Counsel for The Cincinnati Insurance Company*