IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY GADLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-17 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JERRY ELLIS, *trading as* JERRY ELLIS CONSTRUCTION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

I. Introduction

Before the Court in this matter is Cincinnati Insurance Company's ("Cincinnati") motion to intervene. (ECF No. 63). In its motion, Cincinnati seeks to intervene in the present action for the sole purpose of "participating in the formulation of specific interrogatories to be submitted to the jury at the time of trial . . . so as to protect Cincinnati's interests." (ECF No. 63 at 2). Trial in this matter is currently scheduled to begin on July 20, 2015. For the reasons below, the Court will **DENY** Cincinnati's motion to intervene.

II. Jurisdiction and Venue

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper under 28 U.S.C. § 1391.

### III. Background

The Court recently set forth the facts underlying this action in its memorandum opinion on Plaintiff's motion for reconsideration, and now summarizes those facts as follows. (*See* ECF No. 68). This case arises from the construction of a timber frame home by Plaintiff, Gary Gadley, for his personal use. Plaintiff designed the home with the assistance of an architectural firm and served as his own general contractor during its construction. (ECF No. 18-1 at 9-14). For his roof, Plaintiff decided to use structural insulated panels ("SIPs") after learning about them from a friend and discussing the product with representatives from an SIP manufacturer at a timber frame conference. (*Id.* at 22-23). Plaintiff contracted with a company, Thermocore, to design and construct the SIPs for his home, and hired Defendant, Jerry Ellis Construction,[1] to install the SIP panels on his roof for $7,550. (*Id.* at 24-25, 30; ECF No. 18-1 at 30-31).

Defendant installed the SIPs on Plaintiff's home between October 27, 2011, and October 29, 2011. (ECF No. 1-2 at ¶ 15, 22). Almost immediately, Plaintiff identified several shortcomings in the quality of the installation, including numerous gaps and misalignments between the panels, a lack of proper overhang at the edge of the roof, and the fact that the end of each SIP did not properly rest on a support rafter. (ECF No. 18-1 at 34-36, 39-40). Plaintiff also became alarmed at the amount of cutting and sledgehammering that Defendant had to do in order to get the panels to fit properly. (ECF No. 26-12 at 6-7). When Plaintiff raised these concerns, Defendant repeatedly

---

[1] The Court will refer to both Jerry Ellis and Jerry Ellis Construction interchangeably as "Defendant."

2

assured him that the installation was proceeding in a normal manner and that nothing was wrong. (*Id.*).

Based on his belief that the SIP panels had been improperly installed, Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of Somerset County on December 21, 2012. (ECF No. 1-2 at 3). Defendants removed the complaint to this Court on January 18, 2013. (*Id.* at 1). In his complaint, Plaintiff asserted a claim for breach of contract at Count I, a claim for breach of express and implied warranties at Count II, and a private cause of action pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law at Count III. On January 6, 2014, Defendant filed a partial motion for summary judgment,[2] arguing that Plaintiff's UTPCPL claim was barred by the gist of the action doctrine and/or the economic loss doctrine. (ECF No. 16). On July 23, 2014, the Court issued a memorandum opinion and order granting Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. (ECF No. 38). On May 15, 2015, the Court issued a memorandum opinion and order granting Plaintiff's motion for reconsideration. (ECF No. 68). The Court vacated its previous summary judgment ruling concerning Plaintiff's claims against Defendant under the UTPCPL at Count III of the complaint.

On April 8, 2015, Cincinnati filed the instant motion to intervene (ECF No. 63) along with a brief in support (ECF No. 64). On June 5, 2015, Plaintiff and Defendant filed

---

[2] At the time of the summary judgment motion, Marcia Ellis was also a defendant in this case. However, the Court dismissed Marcia Ellis from the case, and thus Jerry Ellis, trading and doing business as Jerry Ellis Construction, is the only remaining defendant. The Court's dismissal of Marcia Ellis is not at issue in Plaintiff's motion for reconsideration.

3

their respective briefs in opposition to the motion to intervene. (ECF Nos. 71, 72, 73). Cincinnati then filed responses to both parties' briefs. (ECF Nos. 76, 77). Accordingly, Cincinnati's motion is now fully briefed and ripe for review.

## IV. Standard of Review

The right of a nonparty to intervene in a lawsuit, either as a matter of right or with permission from the Court, is governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 states, in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> \* \* \*
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> >
> > \* \* \*
> >
> > (B) has a claim or defense that shares with the main action a common question of law or fact.
> >
> > \* \* \*
> >
> > (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Third Circuit has explained that a non-party is permitted to intervene as a matter of right pursuant to Rule 24(a)(2), only if:

4

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F. 3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F. 2d 592 (3d Cir. 1987)). Each of these requirements must be met for a non-party to intervene as of right. *Id.; see also Prescott v. R & L Carriers, Inc.*, No. 3:11-cv-203, 2013 WL 156569, at *1-2 (W.D. Pa. Jan. 15, 2013).

V.  Discussion

In its motion to intervene, Cincinnati explains that it is presently defending Defendant, subject to a reservation of rights, pursuant to a commercial general liability insurance policy. (ECF No. 63 ¶ 2). On July 31, 2014, Cincinnati filed a declaratory judgment action in this Court (Civil Action No. 3:14-cv-155), seeking a declaration that Cincinnati is not obligated to defend and indemnify Defendant under the policy against the allegations and claims asserted by Plaintiff in the instant action. (*Id.* ¶ 3). Cincinnati now seeks to intervene in the instant action for the "sole and limited purpose of participating in the formulation of specific interrogatories to be submitted to the jury at the time of trial . . . so as to protect Cincinnati's interests" with respect to the declaratory judgement action. (*Id.* ¶ 4). Specifically, Cincinnati asks that "the jury provide a breakdown of the verdict by category: (a) the amount awarded for the cost to repair or replace the SIP panels, (b) the amount awarded for indirect costs incurred to [sic] during the repair or replacement of the SIP panes, (c) the amount awarded for any resulting damage to property, and (d) the amount awarded for economic-only damages." (*Id.*).

5

Cincinnati argues that it should be permitted to help draft jury interrogatories for the verdict slip because the answers that the jury gives to the interrogatories might make the issues in the declaratory judgement action moot or might prevent the parties from having to litigate those issues. (*Id.* ¶ 4). Cincinnati further argues that, if it is not permitted to include its suggested interrogatories, then it will not be able to protect its interests in the declaratory judgement action because it may not be possible to "discern on what basis the jury awarded damages." (*Id.* ¶ 5). Finally, Cincinnati contends that its motion is timely and that intervention will not prejudice the parties. (*Id.* ¶ 6).

Both Plaintiff and Defendant oppose Cincinnati's motion to intervene. Defendant argues that the issues raised by Cincinnati in its motion will be adequately addressed by the parties and their respective experts and that permitting Cincinnati to craft categories of damages on the jury verdict form will only create confusion for the jury and will prejudice the parties. (ECF No. 71 at 6). Plaintiff argues that Cincinnati's motion is untimely, vague, and will prejudice the parties, will delay the trial, and will cause confusion for the jury. (ECF No. 73 at 5).

As explained above, an applicant can intervene under Rule 24 where: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *See United States v. Alcan Aluminum, Inc.*, 25 F. 3d 1174, 1181 (3d Cir. 1994).

As a threshold matter, the motion to intervene must be timely, which is determined by the totality of the circumstances rather than the counting of days. *Alcan Aluminum, Inc.*, 25 F.3d at 1181; *Lawrence Music, Inc. v. Samick Music Corp.*, 227 F.R.D. 262, 263 (W.D. Pa. 2005) (this inquiry "requires an analysis of the facts and circumstances surrounding the proceedings and is decided in light of the totality of the circumstances by the district court in the exercise of its sound discretion"). In conducting the timeliness analysis, a court should consider: "(1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay." *Lawrence Music, Inc. v. Samick Music Corp.*, 227 F.R.D. 262, 263 (W.D. Pa. 2005) (quoting *In re Safeguard Scientifics*, 220 F.R.D. 43, 47 (E.D. Pa. 2004)).

Applying these factors, the Court finds that Cincinnati's motion to intervene transgresses the timeliness requirement. First, Cincinnati has been representing Defendant since December 2012, when the complaint was filed initiating this case. However, despite representing Defendant in the matter and knowing about the issues and claims involved in the case, Cincinnati did not file its motion to intervene until April 8, 2015. Likewise, both fact discovery and expert discovery had been closed long before the motion was filed, and the parties had filed their motions for summary judgment and the Court had already ruled on those motions. Furthermore, the motion to intervene was filed on the eve of trial, indeed, after the Court had already held a pretrial conference. Plaintiff asserts that, if the Court were to allow Cincinnati to intervene at this late stage, then additional discovery would need to be permitted to address the issues raised by Cincinnati. (ECF No. 73 at 7).

Plaintiff's argument that additional discovery would be necessary also implicates the second factor regarding possible prejudice. Plaintiff notes that, given the lateness of the motion and the Court's previous decision not to reopen discovery, the parties in this action would be prejudiced in not having the opportunity to conduct discovery on the issues presented by Cincinnati. Additionally, Plaintiff asserts that the issues raised by Cincinnati will confuse the jury "by injecting issues that neither party needs to address as part of their claims and defenses, nor has either party prepared." (ECF No. 73 at 7). Plaintiff notes that Cincinnati could have raised the issues at a much earlier stage in the litigation to allow the parties to consider those issues during the course of discovery. Additionally, Plaintiff notes that Cincinnati has not provided the parties with any proposed interrogatories.

The Court agrees that the motion to intervene presents a burden on the parties and will be prejudicial to their ability to evaluate and address the issues raised at this late stage by Cincinnati. Cincinnati's request to include certain interrogatories concerning categories of damages directly implicates key issues in this case that have already been heavily litigated by the parties. The Third Circuit has noted that, in assessing the prejudice element, "the critical inquiry is: what proceedings of substance on the merits have occurred." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F. 3d 361, 369 (3d Cir. 1995). Here, the motion to intervene was filed after the close of discovery, after the Court had ruled on the parties' motions for summary judgment, and after the Plaintiff had submitted a motion for reconsideration on the Court's summary judgment ruling. Accordingly, numerous proceedings of substance on the merits of the

case had occurred prior to the filing of the motion to intervene. And, the issues raised in the motion to intervene—concerning categories of damages to be submitted to the jury—were a substantial part of the proceedings on the merits addressed by the Court. Thus, it is clear that permitting Cincinnati to intervene for the purpose of submitting special interrogatories to the jury on damages issues will present significant prejudice to the parties.

Likewise, it appears from Cincinnati's motion that the suggested interrogatories might inject issues implicating the declaratory judgment action and unrelated to the instant case, thereby causing confusion to the jury regarding the issues in this case. In essence, Cincinnati is asking to create categories of damages on the jury verdict form consistent with its interpretation of the underlying insurance policy in the declaratory judgment action. However, as Plaintiff explains, such categories of damages are not necessarily consistent with the issues that have been developed in this case and that the jury will be asked to decide. Likewise, Defendant notes that the parties to the instant action "have already provided detailed estimates for the proposed repairs and/or replacement of the roof" and that Cincinnati's proposed categories of damages presented to the jury in special interrogatories are therefore not necessary. The Court agrees that the suggested categories of damages could confuse the jury, particularly in light of this Court's previous rulings concerning damages in this case as they relate to the economic loss doctrine and the application of the UTPCPL.

Additionally, the Court finds that Cincinnati's proffered reason for the delay in filing its motion to intervene is unpersuasive. Cincinnati asserts that it only became

9

aware of its need to intervene during the mediation in the declaratory judgment action when Plaintiff made certain "coverage arguments" regarding the underlying insurance policy. Contrary to this assertion, Plaintiff has been consistent in his assertion of damages from the beginning of this case, and Cincinnati, by its own admission, has represented Defendant since the inception of this case. Thus, Cincinnati has been well aware of the types of damages sought by Plaintiff. Cincinnati cannot now attempt to interject issues related to the declaratory judgment action into the instant matter.

In so holding, the Court finds that the facts and circumstances of this case fit squarely within similar cases decided in this district. For example, in *Lawrence Music, Inc. v. Samick Music Corp.*, 227 F.R.D. 262, 263 (W.D. Pa. 2005), the court denied a motion to intervene by an insurance company seeking to intervene for the purpose of submitting special verdicts for the jury's consideration regarding an award of damages. After conducting an analysis of the relevant factors, the court concluded that the insurance company's excessive delay in filing its motion to intervene until the eve of trial and the company's attempt to "interject itself" into the proceedings for the purpose of drafting special jury verdicts would prejudice the parties and that intervention was therefore not appropriate. *Id.* at 264. Identical concerns are present in the case *sub judice*, and the Court finds Cincinnati's motion should be denied for the same reasons articulated in *Lawrence Music*.

In sum, Cincinnati's motion to intervene is untimely in that the requested relief will be prejudicial to the parties by presenting new issues regarding categories of damages without the benefit of discovery, and will likely confuse the jury, and Cincinnati

10

Cincinnati has not presented a sufficient reason for its delay. Accordingly, for these reasons, Cincinnati has failed to establish that its motion to intervene satisfies the timeliness threshold under Rule 24.

## VI.    Conclusion

For the reasons set forth above, Cincinnati's motion to intervene is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY GADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-17 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JERRY ELLIS and MARCIA ELLIS, | ) | |
| *trading as* JERRY ELLIS | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 26th day of June 2015, for the reasons set forth in the attached memorandum opinion, **IT IS HEREBY ORDERED** that Cincinnati's motion to intervene (ECF No. 63) is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE