IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY GADLEY, | ) | CIVIL ACTION NO. 3:13-17 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY ELLIS, *trading as* JERRY ELLIS CONSTRUCTION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

I.  Introduction

Before the Court in this matter are three motions in limine filed by Defendant, Jerry Ellis. (ECF Nos. 79, 81, 83). In his motions, Defendant seeks to exclude evidence of Defendant's liability insurance (ECF No. 79), evidence of an estimate for costs to remove and replace the roof (ECF No. 81), and evidence of an estimate for costs related to inspecting Plaintiff's home for water damage (ECF No. 83). Defendant has filed a brief and exhibits in support of each motion (ECF Nos. 80, 82, 84), and Plaintiff has filed a response in opposition with supporting exhibits to each motion (ECF Nos. 87, 88, 89). Trial in this matter is currently scheduled to begin on July 20, 2015.

For the reasons below, the Court will grant in part and deny in part Defendant's motions in limine. Specifically, the Court will grant Defendant's motion to exclude evidence of Defendant's liability insurance, deny Defendant's motion to exclude the estimate of costs to remove and replace the roof, and grant Defendant's motion to exclude estimate of costs to investigate for water damage.

## II. Jurisdiction and Venue

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper under 28 U.S.C. § 1391.

## III. Background

This case arises from the construction of a timber frame home by Plaintiff, Gary Gadley, for his personal use. Plaintiff designed the home with the assistance of an architectural firm and served as his own general contractor during its construction. (ECF No. 18-1 at 9-14). For the roof, Plaintiff decided to use structural insulated panels ("SIPs") after learning about them from a friend and discussing the product with representatives from an SIP manufacturer at a timber frame conference. (*Id.* at 22-23). Plaintiff contracted with a company, Thermocore, to design and construct the SIPs for his home, and hired Defendant, Jerry Ellis Construction, to install the SIP panels on his roof for $7,550. (*Id.* at 24-25, 30; ECF No. 18-1 at 30-31).

Defendant installed the SIPs on Plaintiff's home between October 27, 2011, and October 29, 2011. (ECF No. 1-2 at ¶ 15, 22). Almost immediately, Plaintiff identified several shortcomings in the quality of the installation, including numerous gaps and misalignments between the panels, a lack of proper overhang at the edge of the roof, and the fact that the end of each SIP did not properly rest on a support rafter. (ECF No. 18-1 at 34-36, 39-40). Plaintiff also became alarmed at the amount of cutting and sledgehammering that Defendant had to do in order to get the panels to fit properly. (ECF No. 26-12 at 6-7). When Plaintiff raised these concerns, Defendant repeatedly

assured him that the installation was proceeding in a normal manner and that nothing was wrong. (*Id.*).

Based on his belief that the SIP panels had been improperly installed, Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of Somerset County on December 21, 2012. (ECF No. 1-2 at 3). Defendants removed the complaint to this Court on January 18, 2013. (*Id.* at 1). In his complaint, Plaintiff asserted a claim for breach of contract at Count I, a claim for breach of express and implied warranties at Count II, and a private cause of action pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law at Count III. On January 6, 2014, Defendant filed a partial motion for summary judgment, arguing that Plaintiff's UTPCPL claim was barred by the gist of the action doctrine and/or the economic loss doctrine. (ECF No. 16). On July 23, 2014, the Court issued a memorandum opinion and order granting Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. (ECF No. 38). On May 15, 2015, the Court issued a memorandum opinion and order granting Plaintiff's motion for reconsideration. (ECF No. 68). In its opinion and order, the Court vacated its previous summary judgment ruling concerning Plaintiff's claims against Defendant under the UTPCPL at Count III of the complaint.

On June 25, 2015, Defendant filed the three pending motions in limine (ECF Nos. 79, 81, 83). Plaintiff filed a response to each motion on July 6, 2015. (ECF Nos. 87, 88, 89). The motions have been fully briefed and are ripe for disposition.

## IV. Standard of Review

Defendant's motions in limine raise issues under Federal Rules of Evidence 402, 403, and 411. The Court will briefly summarize those rules and then will address each motion separately below.

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also U.S. v. Sampson*, 980 F. 2d 883, 888 (3d Cir. 1992). Federal Rule of Evidence 402 states that relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Although evidence must be relevant to be admissible, Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F. 3d 95, 109–10 (3d Cir. 1999) (citation omitted); *see also Blancha v. Raymark Indus.*, 972 F. 2d 507, 514 (3d Cir. 1992) (explaining that because the rule makes evidence relevant "if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact"). However, even relevant evidence may be excluded under Rule 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Thus, Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010).

4

Rule 411 of the Federal Rules of Evidence prohibits admitting evidence of insurance coverage in order to show wrongdoing. *See Varlack v. SWC Caribbean, Inc.*, 550 F. 2d 171, 177 (3d Cir. 1977). "Generally, evidence of liability coverage is not admissible when a party is accused of acting wrongfully because of the likelihood for spillover between insurance and inference of fault." *Posttape Associates v. Eastman Kodak Co.*, 537 F. 2d 751, 758 (3d Cir. 1976). Indeed, Rule 411 provides as follows:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. Thus, while Rule 411 generally prohibits the introduction of evidence that a person was or was not insured to prove whether that person acted negligently, such evidence may be offered for other relevant purposes. *See Posttape Associates*, 537 F. 2d at 758; *Shropshire v. Shaneyfelt*, No. 2:12-cv-1657, 2013 WL 7850541, at *1 (W.D. Pa. Oct. 16, 2013). The purpose behind Rule 411's prohibition of the admission of evidence of insurance is premised in the fear "that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." *Falkowski v. Johnson*, 148 F.R.D. 132, 136 (D. Del. 1993) (quoting Advisory Notes to Fed. R. Evid. 411).

V.  **Discussion**

   A.  **Evidence of Defendant's Liability Insurance**

   Defendant has filed a motion (ECF No. 79) to exclude evidence of Defendant's liability insurance pursuant to Rule 411 of the Federal Rules of Evidence. Defendant

5

argues that any evidence of Defendant's liability insurance, including documents and testimony, should be excluded from the trial in this matter. (*See* ECF No. 80 at 1). Defendant asserts that Plaintiff has included references to Defendant's insurance policy and coverage in various exhibits that will likely be introduced at trial. (*Id.*). Specifically, Defendant objects to references to liability insurance coverage in the following exhibits attached to Plaintiff's pretrial statement: Exhibit 113, Certificate of Liability Insurance; Exhibit 123, Defendant's Rule 26(a)(1) Disclosures; and Exhibits 124 and 125, Defendant's Answers to Interrogatories and Responses to Requests for Production. (*Id.* at 1). Defendant contends that evidence of Defendant's liability insurance violates Rule 411. (*Id.* at 2). Defendant also argues that the evidence is inadmissible because it is irrelevant and prejudicial in accordance with Rules 402 and 403.

In response, Plaintiff concedes that evidence of liability insurance is inadmissible to prove that Defendant acted negligently or wrongfully and agrees "to redact any exhibits that contain [language related to the liability insurance coverage] and agree[s] to not testify to the existence of said liability insurance to the extent it concerns Defendant's negligent or wrongful actions." (ECF No. 88 at 2). However, Plaintiff argues that a blanket exclusion of such evidence is not warranted and that Plaintiff should be permitted to present evidence of Defendant's liability insurance as rebuttal evidence. (*Id.* at 2-4). Specifically, Plaintiff contends that evidence of the liability insurance is admissible to rebut Defendant's attempts to "portray the Plaintiff as an inexperienced and incompetent general contractor." (*Id.* at 2). Plaintiff argues that he was not a general contractor, but merely a "coordinator of events" during the construction process and that Defendant

6

retained complete control over his own work. (*Id.* at 4). Accordingly, Plaintiff argues, evidence of Defendant's liability insurance can be used to show that Plaintiff's role as "coordinator," rather than "contractor," was extremely limited and that Defendant was fully responsible for his own work, and to show that Plaintiff competently performed his role as "coordinator" by hiring "qualified experts who retained control over their work and were therefore required by [Plaintiff] . . . to provide insurance for their own work." (*Id.* at 4).

In accordance with Rule 411—and as both parties recognize—evidence that Defendant carried liability insurance is not admissible in this case to show that Defendant acted negligently or wrongfully. Thus, any reference to Defendant's liability insurance, whether by testimony or documentary evidence, is inadmissible at trial for that purpose.

Likewise, evidence of Defendant's liability insurance coverage will not be admissible for Plaintiff's suggested use to rebut Defendant's assertions regarding Plaintiff's role as general contractor. While evidence of liability insurance is admissible to prove something other than liability—even for rebuttal purposes as suggested by Plaintiff here—Plaintiff's proffered use fails to satisfy Rule 403's balancing requirement due to its unfair prejudice.

As explained above, under the Federal Rules of Evidence, evidence must be relevant to be admissible at trial. *See* Fed. R. Evid. 402 (stating that relevant evidence is admissible while irrelevant evidence is not admissible). Rule 401 defines the test for relevant evidence as evidence that "has any tendency to make a fact more or less probable

7

than it would be without the evidence." Fed. R. Evid. 401. However, even relevant evidence may be excluded under Rule 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Here the prejudice to Defendant in allowing Plaintiff to introduce evidence of liability insurance coverage is significant. On the other hand, the probative value of introducing such evidence to rebut Defendant's assertion that Plaintiff was an inexperienced and incompetent general contractor is slight. Plaintiff can introduce other evidence to rebut Defendant's assertion that interjects far less prejudice upon the Defendant than that presented by disclosing Defendant's liability insurance coverage to the jury. Also important is the fact that the parties are disputing the coverage of the underlying insurance policy in a separate case. *See Cincinnati Insurance Company v. Jerry Ellis Construction, Jerry Ellis, and Gary Gadley*, No. 3:14-cv-155. That dispute calls into question any probative value of referring to the insurance policy as it relates to the instant case, given that the policy might not cover the actions of the Defendant which are at issue in the instant case. Thus, the prejudicial effect of such evidence substantially outweighs the probative value of admitting the evidence.

Accordingly, for the reasons set forth above, Defendant's motion in limine to exclude evidence of Defendant's liability insurance pursuant to Rule 411 is **GRANTED** at this time. Nevertheless, this ruling does not preclude Plaintiff from introducing evidence

of Defendant's liability insurance for any other proper purpose under Rule 411 at the time of trial.[1]

## B. Evidence of Estimate for Costs to Remove and Replace the Roof

Defendant has filed a motion in limine (ECF No. 81) to exclude an estimate for costs to remove and replace the roof on Plaintiff's home. Defendant notes that, in accordance with Plaintiff's pretrial statement, Plaintiff intends to introduce at trial an estimate of costs to remove and replace the roof. (*See* ECF No. 78 at 2). Specifically, Plaintiff will introduce a quote from Somerset Glass, LLC, dated June 5, 2015 (identified as "Exhibit 144"), estimating the cost to remove and replace the roof for the sum of $108,500. (*See* ECF No. 78-1). Defendant seeks to exclude evidence and testimony regarding this quote from Somerset Glass.

Defendant argues that he will be prejudiced if Plaintiff is permitted to introduce evidence of this estimate "due to its late disclosure and the fact that it is not itemized." (ECF No. 81 ¶ 2). Defendant explains that Plaintiff's expert provided an estimate, dated January 6, 2014, as part of a supplemental expert report that was provided to Defendant on January 7, 2014. (ECF No. 82 at 2). The expert estimated that the cost to remove and replace the roof would be $90,000. (*Id.*). The expert also provided an itemized estimate sheet detailing the costs involved in the replacement of the roof. (*See* ECF No. 82-2).

Defendant contends that he will be prejudiced if the new estimate from Somerset Glass is introduced because of the untimeliness of the estimate and because the amount

---

[1] If Plaintiff's counsel intends to introduce evidence of Defendant's liability insurance for a proper purpose at trial, counsel shall request a conference with the Court at sidebar to present such evidence to allow the Court to evaluate that evidence in accordance with Rule 411 and this Order.

9

quoted is an $18,500 increase from the prior estimate provided by Plaintiff's expert. Defendant notes that, pursuant to this Court's Order governing discovery, expert discovery was to be completed by December 16, 2013, and that this new estimate is being provided just over a month before trial. Defendant also argues that, while Plaintiff's initial estimate from the expert provided an itemized listing of the costs including materials and labor, Somerset Glass's recent estimate does not include any similar itemization.

In response, Plaintiff argues that the estimate from Somerset Glass was necessary, given changed circumstances in this case, and that any prejudice to Defendant is minimal and can easily be remedied at trial. (*See* ECF No. 89 at 5). Importantly, Plaintiff contends that, following the close of discovery, Plaintiff's roof began to leak, causing water intrusion into and damage to Plaintiff's home. According to Plaintiff, these "water events are exactly what the Plaintiff's expert witness" had predicted would occur. (*Id.* at 1). Following the water intrusion, Plaintiff filed a motion for reconsideration of this Court's memorandum and opinion on the previously decided summary judgment motions, and the Court granted that motion, reinstating certain claims in this case. Plaintiff solicited Somerset Glass's estimate in direct response to the newly discovered water intrusion and damage that occurred after the close of discovery and on the eve of trial. Plaintiff provided Defendant with a copy of the estimate once it was prepared. Thus, under the circumstances, Plaintiff's conduct was not dilatory. Plaintiff asserts that the new estimate is relevant and necessary, given the new evidence of water intrusion and damage. The new estimate is substantially similar to the estimate provided during discovery by

Plaintiff's expert, with the only differences being—as pointed out by Defendant—an increase in the total amount by $18,500, and the lack of an itemized list of labor and materials.

As the parties note, the Third Circuit has identified a four-factor test to determine whether to exclude late-disclosed evidence, such as the evidence at issue here:

(1) the prejudice or surprise in fact to the opposing party,

(2) the ability of the party to cure the prejudice,

(3) the extent of disruption of the orderly and efficient trial of the case, and

(4) the bad faith or willfulness of the non-compliance.

*Young v. Pleasant Valley Sch. Dist.*, No. 3:07-cv-854, 2011 WL 1485648, at *1 (M.D. Pa. Apr. 19, 2011) (quoting *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F. 3d 404, 423 (3d Cir. 2006)). The Court will briefly address each factor.

First, the estimate from Somerset Glass is only minimally prejudicial due to its late disclosure. The basis for Defendant's prejudice argument is that the estimate was provided at a late stage in the litigation after the close of discovery, that the cost in the estimate is $18,500 more than Plaintiff's expert's estimate, and that the new estimate does not itemize the costs of the labor and materials. Nevertheless, despite these assertions by Defendant, the prejudice is small. Also, as to the second factor, any prejudice can be easily cured at trial through cross-examination by Defendant.

To begin, the lateness of the estimate is easily excused by the fact that the roof did not begin to leak until after the close of discovery and on the eve of trial. The Plaintiff responded to these new and changing circumstances promptly and did not act in bad faith or with willful delay. Furthermore, while the cost of the estimate is greater than the

11

original estimate by the expert, that amount compared to the total amount of damages claimed by Plaintiff in this case is relatively small. Next, while the new estimate does not present itemized costs involved in removing and replacing the roof like the original estimate, representatives from Somerset Glass will be available to testify and can be cross-examined by Defendant concerning the breakdown of the costs. Also important is the fact that Defendant has already had the opportunity to depose Plaintiff's expert and has already examined and prepared his own witnesses concerning the necessity and cost of replacing the roof, which is an essential issue in this case. Thus, the prejudice resulting from the late estimate of costs to remove and replace the roof does not favor excluding the evidence. To the contrary, the evidence, if Plaintiff's position is to be believed, is necessary to provide the jury with the actual cost in damages to Plaintiff's home as a result of Defendant's wrongful conduct, at least as estimated by Plaintiff's witnesses.

Third, the extent of any disruption to the trial in the case is also minimal. To admit the estimate will require an additional witness from Somerset Glass. However, as Plaintiff explains, this additional witness will testify to nearly identical facts as those established by Plaintiff's expert, except for the increased price of the Somerset Glass estimate. Likewise, Defendant has had the opportunity during discovery to depose various witnesses, including Plaintiff's expert, as well as Defendant's own expert, regarding the necessity and cost of replacing Plaintiff's roof. Thus, the presentation of this evidence at trial will only minimally disrupt the trial in this case, if at all.

Finally, Plaintiff has not acted in bad faith. While the disclosure of the estimate is undeniably at a late stage in this case, the circumstances necessitating the estimate make

clear that the Plaintiff did not engage in any dilatory or bad faith conduct. Plaintiff's home began to leak in December 2014, well after the close of discovery and shortly before the originally scheduled trial date. This leak constituted newly discovered evidence and is an integral part of Plaintiff's claims against Defendant. The Somerset Glass estimate was provided after the discovery of the water leak. Plaintiff provided a copy of the estimate to Defendant immediately after it was finalized. Thus, there is no evidence of bad faith or willful delay on the part of Plaintiff.

Accordingly, for these reasons, Defendant's motion in limine to exclude evidence of the estimate for cost to remove and replace Plaintiff's roof is **DENIED**.

### C. Evidence of Estimate for Costs to Determine Extent of Water Damage

Defendant has filed a motion in limine (ECF No. 83) to exclude evidence of estimates of cost from Vince Maccarelli Contracting and Mostoller Construction Company. According to Defendant, Plaintiff intends to offer quotes from Mostoller Construction Company and Vince Maccarelli Contracting estimating the cost of determining the extent of water damage to Plaintiff's home resulting from Defendant's allegedly improper installation of SIP roof panels. (*Id.* ¶¶ 2-3). The estimated costs involve removing and replacing trim, plaster, ceiling boards, among other materials, to investigate for water damage on the interior of the ceilings, walls, and floors. Defendant argues that these estimates are not related to any recoverable damages because there is no definitive proof that Plaintiff has sustained any property damage on the interior of the ceilings, walls, and floors, and that the evidence is therefore inadmissible under Rule 402.

(*Id.* ¶¶ 5-6). Defendant asserts that the two estimates are to "inspect for water damage" but do not conclusively state that there is any water damage. (ECF No. 84 at 2).

The Court agrees. While it might be in Plaintiff's interest to investigate the interior of the ceilings, walls, and floors for water damage in areas where water intrusion was observed, such costs are not recoverable without evidence that there is actual damage. The purpose of a damages award is to make the Plaintiff whole. However, Defendant should not be required to pay for demolition and replacement of ceiling, wall, and floor materials aimed at discovering water damage without some indication that there is actual damage on the interior. If the Plaintiff had opened up the interior of the ceilings, walls, and floors and determined that water intrusion had indeed caused damage to the building, then an appropriate damage award could be claimed. However, Plaintiff only suspects that water damage might be present and seeks to introduce an estimate of costs to investigate for the possibility of damage. This evidence does not appear to have any relevancy without some connection to actual damages caused by Plaintiff's conduct.

Accordingly, Defendant's motion in limine to exclude evidence of estimates of cost from Vince Maccarelli Contracting and Mostoller Construction Company to investigate for water damage is granted at this time.

## VI. Conclusion

For the reasons set forth above, Defendant's motions in limine are granted in part and denied in part as follows: Defendant's motion to exclude evidence of Defendant's liability insurance is granted; Defendant's motion to exclude evidence of Plaintiff's

estimate for costs to remove and replace the roof is denied; and Defendant's motion to exclude evidence of estimates for costs related to inspection for water damage is granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY GADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-17 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JERRY ELLIS and MARCIA ELLIS, | ) | |
| *trading as* JERRY ELLIS | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 17th day of July 2015, upon consideration of Defendant's motions in limine and Plaintiff's responses thereto, and for the reasons set forth in the attached memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1) Defendant's motion in limine (ECF No. 79) to exclude evidence of Defendant's liability insurance is **GRANTED**.

2) Defendant's motion in limine (ECF No. 81) to exclude evidence of Plaintiff's estimate for costs to remove and replace the roof is **DENIED**.

3) Defendant's motion in limine (ECF No. 83) to exclude evidence of estimates for costs related to inspection for water damage is **GRANTED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE