**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY GADLEY,** | ) | **CIVIL ACTION NO. 3:13-17** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JERRY ELLIS,** *trading as* **JERRY ELLIS** | ) | |
| **CONSTRUCTION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Before the Court in this matter are Defendant's motion for judgment as a matter of law or, in the alternative, motion for a new trial (ECF No. 105) and Plaintiff's motion for treble damages, attorneys' fees, and costs (ECF No. 102).  These matters have been fully briefed (*see* ECF Nos. 103, 106, 108, 109, 110) and are ripe for disposition.  For the reasons that follow, Defendant's motion for judgment as a matter of law or, in the alternative, motion for a new trial will be **DENIED**.  Plaintiff's motion for treble damages, attorneys' fees, and costs will be **GRANTED in part** and **DENIED in part**.

### II.    Jurisdiction and Venue

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Venue is proper under 28 U.S.C. § 1391.

## III. Background

This case arises from the construction of a timber frame home by Plaintiff, Gary Gadley, for his personal use. Plaintiff designed the home with the assistance of an architectural firm and served as his own general contractor during its construction. (ECF No. 18-1 at 9-14.) For the roof, Plaintiff decided to use structural insulated panels ("SIPs") after learning about them from a friend and discussing the product with representatives from an SIP manufacturer at a timber frame conference. (*Id.* at 22-23.) Plaintiff contracted with a company, Thermocore, to design and construct the SIPs for his home, and hired Defendant, Jerry Ellis Construction, to install the SIP panels on his roof for $7,550. (*Id.* at 24-25, 30; ECF No. 18-1 at 30-31.)

Defendant installed the SIPs on Plaintiff's home between October 27, 2011, and October 29, 2011. (ECF No. 1-2 at ¶ 15, 22.) Almost immediately, Plaintiff identified several shortcomings in the quality of the installation, including numerous gaps and misalignments between the panels, a lack of proper overhang at the edge of the roof, and the fact that the end of each SIP did not properly rest on a support rafter. (ECF No. 18-1 at 34-36, 39-40.) Plaintiff also became alarmed at the amount of cutting and sledgehammering that Defendant had to do in order to get the panels to fit properly. (ECF No. 26-12 at 6-7.) When Plaintiff raised these concerns, Defendant repeatedly assured him that the installation was proceeding in a normal manner and that nothing was wrong. (*Id.*)

Based on his belief that the SIP panels had been improperly installed, Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of

Somerset County on December 21, 2012. (ECF No. 1-2 at 3.) Defendant removed the complaint to this Court on January 18, 2013. (*Id.* at 1.) In his complaint, Plaintiff asserted a claim for breach of contract at Count I, a claim for breach of express and implied warranties at Count II, and a private cause of action pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") at Count III. (*Id.* at 8-15.) On January 6, 2014, Defendant filed a partial motion for summary judgment, arguing that Plaintiff's UTPCPL claim was barred by the gist of the action doctrine and/or the economic loss doctrine. (ECF No. 16.) On July 23, 2014, the Court issued a memorandum opinion and order granting Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. (ECF No. 38.) On May 15, 2015, the Court issued a memorandum opinion and order granting Plaintiff's motion for reconsideration. (ECF No. 68.) In its opinion and order, the Court vacated its previous summary judgment ruling concerning Plaintiff's claims against Defendant under the UTPCPL at Count III of the complaint. (*Id.*)

On July 23, 2015, a jury found that Defendant breached an express warranty provided to Plaintiff in the installation of the SIPs, breached the implied warranty that the installation of the SIPs would be performed in a reasonably workmanlike manner, and violated the UTPCPL by failing to comply with the terms of the written guarantee or warranty given to Plaintiff and by making improvements to Plaintiff's real property of a nature and quality inferior to or below the standard of that agreed to in the contract between the parties. (ECF No. 99 at 1, 3-4.) The jury awarded Plaintiff $108,000 in damages for Defendant's breach of the express and implied warranties and found that $25,000 of the total represented damages to the SIPs. (*Id.* at 2.) The jury determined that

Plaintiff's damages should be reduced by thirty percent for his failure to mitigate the damages incurred.  (*Id.* at 2-3.)

## IV.     Applicable Law

### A.     Defendant's Motion for Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50, a court may grant a motion for judgment as a matter of law on a claim if, after hearing the evidence, "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  FED. R. CIV. P. 50(a)(1).  The Third Circuit has held that "[a] motion for judgment as a matter of law under Federal Rule 50(a) 'should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law.'"  *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Macleary v. Hines*, 817 F.2d 1081, 1083 (3d Cir. 1987)).  The Third Circuit has further noted that a Rule 50 motion "should only be granted if 'the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.'"  *Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266, 269 (3d Cir. 2004) (quoting *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001)).  "The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict."  *Gomez v. Allegheny Health Servs.*, 71 F.3d 1079, 1083 (3d Cir. 1995).  Furthermore, "[i]n performing this narrow inquiry, we must refrain from weighing the evidence,

determining the credibility of witnesses, or substituting our own version of the facts for that of the jury." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007).

**B.      Defendant's Motion for a New Trial**

The decision to grant a new trial is committed to the sound discretion of the district court. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *U.S. v. Schiffer*, 836 F. Supp. 1164, 1169 (E.D. Pa. 1993), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). Pursuant to Federal Rule of Civil Procedure 59, a motion for a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). "Such reasons include prejudicial erroneous judicial rulings or misconduct by opposing counsel." *Houser v. Folino*, No. 2:1-CV-416, 2016 U.S. Dist. LEXIS 25165, at *4 (W.D. Pa. Mar. 1, 2016) (citing *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 289-90 (3d Cir. 1993); *Schiffer*, 836 F. Supp. at 1169). In analyzing such cases, "the court must assess whether an error was, in fact, committed, and whether the error was so prejudicial that denying a new trial would be inconsistent with substantial justice." *Id.* at *4-5 (citing *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989), *aff'd*, 922 F.2d 184 (3d Cir. 1990)).

A motion for a new trial may also be granted "when the verdict is contrary to the great weight of the evidence; that is, 'where a miscarriage of justice would result if the verdict were to stand,'" *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. Pa. 2001) (quoting *Olefins Trading, Inc.*, 9 F.3d at 289), or "when the court believes the verdict results from jury confusion," *Brown v. Nutrition Mgmt. Servs. Co.*, Nos. 08-CV3840 and 09-CV-1779, 2010 U.S. App. LEXIS 5535, at *4 (3d Cir. Mar. 17, 2010). When reviewing a jury's verdict, the

District Court has an "obligation . . . to uphold the jury's award if there exists a reasonable basis to do so." *Motter v. Everest & Jennings, Inc.*, 883 F.2d 1223, 1230 (3d Cir.1989). In determining whether a new trial should be granted, the court must draw all reasonable inferences in favor of the party who prevailed at trial. *See Moyer v. United Dominion Indus.*, 473 F.3d 532, 545 n.8 (3d Cir. 2007).

### C. Plaintiff's Motion for Treble Damages, Attorneys' Fees, and Costs

#### 1. Treble Damages

The UTPCPL provides, in pertinent part, that "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($ 100), and may provide such additional relief as it deems necessary or proper." 73 Pa.C.S. § 201-9.2(a). Although courts have the discretion under the UTPCPL to award treble damages, "neither the statute nor case law requires [it]." *Neff v. Gen. Motors Corp.*, No. 95-CV-3680, 1995 U.S. Dist. LEXIS 16452, at *15 (E.D. Pa. 1995). In determining whether to award treble damages, "courts of original jurisdiction should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL." *Schwartz v. Rockey*, 932 A.2d 885, 898 (Pa. 2007). However, "[t]he statute does not explicitly require a finding of 'outrageous conduct' before a trial court may award treble damages." *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. 1997). Rather, "the legislature has vested the trial court with considerable discretion in the imposition of treble damages." *Id.*

### 2.    Attorneys' Fees and Costs

The UTPCPL provides, in pertinent part, that "[t]he court may award to the plaintiff . . . costs and reasonable attorney fees." 73 Pa.C.S. § 201-9.2(a). In cases that include claims under the UTPCPL, the following factors should be considered when assessing the reasonableness of counsel fees:

> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case; (2) The customary charges of the members of the bar for similar services; (3) The amount involved in the controversy and the benefits resulting to the clients from the services; and (4) The contingency or certainty of the compensation.

*Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1030-31 (Pa. Super. 2005) (quoting *Sewak v. Lockhart*, 699 A.2d 755, 762 (Pa. Super. 1997). While not a controlling factor, courts should also consider whether there is a "sense of proportionality" between the award of damages under the UTPCPL and the attorneys' fees award. *Id.* at 1031. Additionally, courts must "eliminate from the award of attorney fees the efforts of counsel to recover on non-UTPCPL theories." *Id.* at 1032.

To calculate the amount of reasonable attorneys' fees, courts use the lodestar formula, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 176 (3d Cir. 2001). The prevailing party must submit evidence supporting the hours worked and the rates claimed to meet its burden of proving that its request for attorneys' fees is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433) (internal quotations omitted). "A

District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001). If the opposing party challenges the fee award, it must do so "with sufficient specificity to the fee request." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Rode*, 892 F.2d at 1183 (internal quotations omitted)).

## V. Discussion

### A. Defendant's Motion for Judgment as a Matter of Law or New Trial

Defendant argues that its motion (ECF No. 105) for judgment as a matter of law or, in the alternative, a new trial must be granted for two reasons. First, Defendant asserts that its motion for judgment as a matter of law should be granted because the economic loss doctrine bars Plaintiff's UTPCPL claim from being submitted to the jury. (ECF No. 106 at 4-8.) Second, Defendant contends that it is entitled to a new trial because it was prejudiced by the questions regarding damages on the verdict slip. (*Id.* at 8-10.) In response, Plaintiff argues that the Court correctly determined that the economic loss doctrine did not bar his UTPCPL claim and that the verdict slip was presented in accordance with the Court's previous rulings. (ECF No. 110 at 4-10.)

On July 23, 2014, the Court granted Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. *Gadley v. Ellis*, No. 3:13-CV-17, 2014 U.S. Dist. LEXIS 99992 (W.D. Pa. July 23, 2014). In reaching its decision, the Court explained that "[t]he economic loss doctrine provides that 'no cause of action [can] be maintained in tort for negligence or

strict liability where the only injury was economic loss—that is, loss that is neither physical injury nor damage to tangible property.'" *Id.* at *10 (quoting *2-J Corp. v. Tice*, 126 F. 3d 539, 541 (3d Cir. 1997)).  After noting that the Pennsylvania Supreme Court has not yet considered whether the economic loss doctrine bars intentional fraud and deceptive trade practice claims that stem from a statute such as the UTPCPL, the Court stated that the Third Circuit has predicted that the Pennsylvania Supreme Court would hold that UTPCPL claims are barred by the economic loss doctrine.  *Id.* at *10-11 (citing *Werwinski v. Ford Motor Company*, 286 F. 3d 661 (3d Cir. 2002)).  While the *Werwinski* decision has been criticized, the Court determined that it "'[was] bound by a Third Circuit decision where that court has predicted how the Pennsylvania Supreme Court will decide an issue.'" *Id.* at *13 (quoting *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 685 n.8 (E.D. Pa. 2011)).

Having concluded that UTPCPL claims are barred by the economic loss doctrine, the Court next explained that the doctrine "only applies to claims for 'economic damages unaccompanied by physical injury or property damage.'" *Id.* at *15 (quoting *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n.3 (Pa. 2009)).  The Court also set forth well-settled law that "'damage to the attendant structure of a building as a result of products used in construction does not constitute damage to other property' within the meaning of the economic loss doctrine." *Id.* at *15-16 (quoting *Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs.*, No. 00-CV-2231, 2002 U.S. Dist. LEXIS 4609, at *13 (E.D. Pa. Mar. 18, 2002)).  Because the only physical damage that Plaintiff alleged in his complaint was damage to the roof, without alleging that the deficiently installed SIP panels caused personal injury or damage to any property other than the product itself, the

Court concluded that Plaintiff had "failed to assert the type of physical property damage that is required to escape the purview of the economic loss doctrine" and granted Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. *Id.* at *16-17.

On May 15, 2015, the Court granted Plaintiff's motion for reconsideration and vacated its ruling granting Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim. *Gadley v. Ellis*, No. 3:13-CV-17, 2015 U.S. Dist. LEXIS 63914, at *2 (W.D. Pa. May 14, 2015). In vacating its previous ruling, the Court explained that Plaintiff had presented newly acquired evidence that the SIP panels were causing water damage to parts of his home that were not "the product." *Id.* at *10. Plaintiff argued that the new water damage, if proven to be causally linked to the defective installation of the SIP panels, was damage beyond "the product itself" and was therefore not barred by the economic loss doctrine. *Id.* at *11. In support of his argument, Plaintiff submitted an affidavit, photographs detailing the water damage, and an expert report prepared by Owen Beachey, P.E. *Id.* Mr. Beachey opined that the leak originated from the roof as a result of the defective installation of the SIP panels. *Id.* Because Plaintiff presented evidence of damage to other property, including the timberframe, walls, ceilings, floors, and contents of the home, the Court concluded that Plaintiff's damages related to this "other property" was not barred by the economic loss doctrine. *Id.* at *13. The Court therefore held that Plaintiff could present evidence of damages as to the "other property" and reiterated that the economic loss doctrine precluded Plaintiff's damages claims as to the SIP panels as damage to the product itself. *Id.* at *17.

Other than its argument that "[s]ince Plaintiff was seeking replacement of the roof and the items associated with the roof . . . the Court should not have granted Plaintiff's motion for reconsideration," Defendant provides no support for its contention that the Court should grant its motion for judgment as a matter of law. (*See* ECF No. 106 at 7-8.) Because the Plaintiff submitted newly acquired evidence that revealed damage to "other property" that was not "the product itself," the Court appropriately vacated its granting Defendant's motion for summary judgment as to Plaintiff's UTPCPL claim and confirmed that Plaintiff was precluded from receiving an award for damage to the SIP panels. The Court will therefore deny Defendant's motion for summary as a matter of law as to Plaintiff's UTPCPL claim.

Regarding the verdict slip, Defendant argues that a new trial must be granted "because the Court chose not to utilize the Defendant's proposed jury verdict slip questions as to damages." (*Id.* at 8.) Specifically, Defendant asserts that "only damages [to] items 'other than to the roof' should have been considered as the actual damages to be considered under the UTPCPL claim." (*Id.* at 9.) Defendant contends that "because Plaintiff only introduced into evidence the estimate for repair to replace the roof, as opposed to evidence of the cost for repair or replacement of items not associated with the roof, the economic loss doctrine required the use of Defendant's verdict slip. (*Id.* at 10.) In response, Plaintiff argues that Defendant is not entitled to a new trial because the Court's verdict slip quoted the language of its order granting Plaintiff's motion for reconsideration "nearly verbatim." (ECF No. 110 at 9-10.)

Question 4 of the verdict slip stated, "What total amount of damages, if any, did [Plaintiff] sustain as a result of the conduct of [Defendant] as to the breach of contract in Question 1, the breach of express warranty in Question 2, and the breach of implied warranty in Question 3?" (ECF No. 99 at 2.) Question 5 stated, "What portion of the total amount of damages set forth in your response to Question 4 represents damages to the [SIPs]?" (*Id.*) The verdict slip, in accordance with the Court's May 15, 2015, decision, appropriately precluded Plaintiff from receiving an award for damage to the SIP panels. Thus, a miscarriage of justice did not result, and the Court must deny Defendant's motion for a new trial.

### B. Plaintiff's Motion for Treble Damages, Attorneys' Fees, and Costs

#### 1. Plaintiff's Motion for Treble Damages

Plaintiff has filed a motion (ECF No. 102) for treble damages, attorneys' fees, and costs. Plaintiff argues that he is entitled to treble damages for six reasons. (ECF No. 103 at 7-13.) First, Plaintiff asserts that Defendant intentionally and recklessly misled him by making promises and warranties that the work would be completed in a professional and competent manner. (*Id.* at 7.) Specifically, Plaintiff states that he trusted Defendant and relied upon Defendant as an expert in Thermocore panel installation. (*Id.* at 7-8.) Plaintiff further states that Defendant deviated from the general and specific installation instructions without permission from Thermocore. (*Id.* at 8-9.) Second, Plaintiff argues that Defendant knew "from the installation of the very first panel" that the panel did not end on the structural support beam. (*Id.* at 9.) Plaintiff asserts that Defendant also knew

or recklessly disregarded the fact that he installed the first panel with an excessive overhang but did not remediate his mistake or inform Plaintiff. (*Id.*)

Third, Plaintiff argues that Defendant failed to correct the panel installation after the second row of panels was installed. (*Id.* at 10.) Plaintiff emphasizes that he saw a visible problem with the last panels of the first two rows and notified Defendant. (*Id.*) Plaintiff contends that Defendant intentionally and/or recklessly concealed the improper installation by assuring him that the installation was proceeding normally. (*Id.*) Fourth, Plaintiff states that Defendant again assured him that the installation was proceeding normally when he confronted Defendant about the gaps left between the panels, the excessive cutting of the panels, and the sledge-hammering required to join panels. (*Id.*) Fifth, Plaintiff asserts that after the installation was complete, Defendant intentionally and/or recklessly stated that it was a normal installation. (*Id.* at 11.) Sixth, Plaintiff contends that Defendant attempted to cover up the improper installation by stating that Plaintiff's engineer was mistaken and that Plaintiff should have contacted Thermocore. (*Id.*) Plaintiff argues that Defendant's repeated intentional and/or reckless assurances constitute the behavior that requires an award of treble damages. (*Id.* at 11-13.)

In response to Plaintiff's request for treble damages, Defendant notes that the jury did not conclude that it violated the UTPCPL by representing that the goods were of a particular standard, quality, or grade, or by engaging in any other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding.[1] (*Id.* at 3.)

---

[1] Defendant also reiterates its argument that the economic loss doctrine precludes Plaintiff's UTPCPL claim and states that Plaintiff's motion must therefore be denied in its entirety. (ECF No. 108 at 2.) As discussed above, the Court properly concluded that, based upon newly acquired

Defendant therefore asserts that the Court must reject Plaintiff's argument that it engaged in intentional and/or reckless misconduct.  (*Id.* at 5, 7.)  Defendant also emphasizes that the jury found that Plaintiff's damages should be reduced by thirty percent for his failure to mitigate the damages incurred.  (*Id.* at 4-5.)

Initially, the Court notes that the jury determined that Defendant did not violate the UTPCPL "by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding."  (ECF No. 99 at 4.)  The Court therefore, in exercising its discretion, declines to grant Plaintiff's request for treble damages.  Instead, the Court will double Plaintiff's damages.  *Compare Dibish v. Ameriprise Fin. Servs., Inc.*, No. 70 WDA 2015, 2016 Pa. Super. LEXIS 102, at *25 (Pa. Super. Feb. 16, 2016) (affirming the trial court's decision to double the plaintiff's damages where the defendants' "misrepresentation was made negligently, *but not recklessly or intentionally*") (emphasis in original), *with Skurnowicz v. Lucci*, 798 A.2d 788, 796-97 (Pa. Super. 2002) (upholding treble damage award under the UTPCPL when home buyer suffered property damage after seller lied about history of past drainage problems); *Stokes v. Gary Barbera Enters., Inc.*, 783 A.2d 296, 299 (Pa. Super. 2001) (concluding that the court properly assessed treble damages where the defendant knowingly misrepresented a used van as new and manipulated odometer to hide van's true mileage); *and Sewak*, 699 A.2d at 761-63 (affirming treble damage award when seller was found to have fraudulently concealed the fact that a support column was removed from the house).  *See also Schwartz*, 932 A.2d at 898 ("[C]ourts of original

---

damage, Plaintiff's UTPCPL claim was not barred by the economic loss doctrine.  *See supra* Part V.A.

jurisdiction should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL."); *Pasqualini v. Altieri Enters., Inc.*, No. 4:08-CV-1215, 2009 U.S. Dist. LEXIS 121999, at *11 (M.D. Pa. Dec. 14, 2009) (same).

In doubling Plaintiff's damages, the Court must include several calculations. First, the Court must reduce Plaintiff's total damages of $108,000 by thirty percent to reflect the jury's finding that Plaintiff's damages should be reduced by thirty percent for his failure to mitigate his damages. (*See* ECF No. 99 at 2-3.) Thirty percent of Plaintiff's total damages of $108,000 is $32,400, which, when subtracted from $108,000, results in a total recovery of $75,600.

Second, as discussed above, the economic loss doctrine precluded Plaintiff's damages claims as to the SIP panels as damage to the product itself under the UTPCPL. The jury determined that $25,000 of the total amount of damages of $108,000 represented Plaintiff's damages to the SIPs. (*Id.* at 2.) Therefore, before doubling Plaintiff's damages, the Court must attribute the portion of damages to the SIPs that cannot be recovered as to Plaintiff's claim under the UPTCPL and incorporate Plaintiff's failure to mitigate his damages. Regarding Plaintiff's failure to mitigate his damages, thirty percent of $25,000 is $7,500, which, when subtracted from $25,000, results in $17,500. The total recovery of $75,600 must therefore be reduced by $17,500, which results in a total of $58,100. The figure of $58,100 represents the total amount that is attributable to Plaintiff's UTPCPL claim. The Court's doubling of Plaintiff's damages of $58,100 results in a total of $116,200. Finally, because only Plaintiff's UTPCPL claim is barred by the economic loss doctrine,

the Court must add an additional $17,500. Accordingly, Plaintiff's total recovery of damages will amount to $133,700.

### 2. Plaintiff's Motion for Attorneys' Fees and Costs

Regarding attorneys' fees, Plaintiff asserts that his request of $97,950.00 does not exceed the traditional measures of proportionality in Pennsylvania. (ECF No. 103 at 14.) Plaintiff argues that his attorneys' fees for his claims that did not arise under the UTPCPL should not be segregated because his claims "all arose from an identical factual and legal core." (*Id.*) Plaintiff emphasizes that his claims for breach of contract and breach of warranty were included in his UTPCPL claims. (*Id.*) Finally, Plaintiff contends that the attorneys' fees in this matter are customary and representative of the current market rate, (*id.* at 16-17), that he has paid all of his legal bills that were due, (*id.* at 17-18), and that reasonable time was spent to litigate this highly contested and complex matter, (*id.* at 18-21).

Regarding costs, Plaintiff states that he seeks an award of $13,453.04. (*Id.* at 25.) Specifically, Plaintiff seeks an award for deposition transcript costs, copying costs, and filing fees. (*Id.* at 22.) Plaintiff also seeks an award for costs in connection with the retention of his expert witness, Mr. Beachey. (*Id.* at 22-23.) In support thereof, Plaintiff asserts that his use of an expert was integral to proving his case and that Mr. Beachey's hourly rates and hours spent reviewing the case were reasonable. (*Id.* at 23.) Plaintiff emphasizes that Defendant requested Mr. Beachey's deposition, which required additional time and preparation, and that Mr. Beachey was required to rebut the theories that Defendant's expert advanced. (*Id.* at 24.) Plaintiff also notes that Mr. Beachey was

required to conduct an inspection and prepare written reports after water began to infiltrate Plaintiff's home. (*Id.*)

Defendant asserts that Plaintiff's request for attorneys' fees should be denied or limited to only the time when, in the Court's opinion, Plaintiff's UTPCPL claim was viable. (ECF No. 108 at 7-8.) Specifically, Defendant states that Plaintiff's UTPCPL claim was barred by the economic loss doctrine prior to December 6, 2014, and therefore contends that Plaintiff should be permitted to recover only $54,800 for his attorneys' fees from December 6, 2014, through trial. (*Id.* at 8.) Defendant further notes that Plaintiff has advanced claims for breach of contract and for breach of express and implied warranties and argues that any award for Plaintiff's attorneys' fees and costs should be reduced by at least fifty percent or by sixty-six percent to account for Plaintiff's three claims in the case. (*Id.* at 8-9.)

As discussed above, the Court previously determined that Plaintiff's UTPCPL claim was barred by the economic loss doctrine. However, after Plaintiff submitted evidence that water damage to other parts of the house occurred on December 6, 2014, the Court granted Plaintiff's motion for reconsideration and concluded that damage beyond the SIP panels was not barred by the economic loss doctrine. *Gadley*, 2015 U.S. Dist. LEXIS 63914, at *11. The Court therefore concludes that Plaintiff's attorneys' fees must be limited to the dates of December 6, 2014, through July 23, 2015. (*See* ECF No. 102-1 at 32-35.) During this time period, Plaintiff's total attorneys' fees amounted to $54,800. (*See id.*) Additionally, only Plaintiff's attorneys' fees for his UTPCPL may be recovered. *See* 73 Pa.C.S. § 201-9.2(a). Because Plaintiff included claims against Defendant for breach of

contract and breach of express and implied warranties, the Court will reduce Plaintiff's recovery of his attorneys' fees in half. Accordingly, Plaintiff may recover $27,400 in attorneys' fees for his UTPCPL claim. *See, e.g., Neal*, 882 A.2d at 1031-32 (concluding that "a court in awarding attorney fees under the UTPCPL must link the attorney fee award to the amount of damages a plaintiff sustained under that Act, and eliminate from the award of attorney fees the efforts of counsel to recover on non-UTPCPL theories" because "to permit [the] plaintiff to recover counsel fees for all of the counts upon which she recovered damages, would not only be inequitable, but would be contrary to the law"); *Baynes v. George E. Mason Funeral Home, Inc.*, No. 3:09-CV-153, 2012 U.S. Dist. LEXIS 39990, at *14-16 (W.D. Pa. Mar. 22, 2012) (reducing attorneys' fees because time was spent on "three distinct causes of action"); *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 335 (Pa. Super. 2015) (finding that the trial court appropriately attempted to eliminate attorneys' fees spent litigating non-UTPCPL claims).[2]

Plaintiff seeks $13,453.04 in costs, which includes $10,755.06 in expert witness fees. (ECF No. 103 at 25.) The Court finds that such costs are reasonable and will therefore

---

[2] Defendant does not dispute that Plaintiff's attorneys' fees in this matter are customary and representative of the current market rate, that Plaintiff has paid all of his legal bills that were due, and that reasonable time was spent to litigate this highly contested and complex matter. (*See* ECF No. 108 at 7-9.) Nonetheless, the Court first finds that the rates in this matter of $150 per hour for associates and $250 per hour for partners, (*see* ECF No. 102-1 at 4), are customary and representative of the current market rate. *See, e.g., Baynes*, 2012 U.S. Dist. LEXIS 39990, at *8 (concluding that a partner rate of $325 per hour and an associate rate of $210 per hour was reasonable for attorneys practicing in the Western District of Pennsylvania); *Swain v. Encore Med. Corp.*, No. 3:04-CV-174, 2006 U.S. Dist. LEXIS 89607, at *10 (W.D. Pa. Dec. 12, 2006) (finding that $250 per hour was a reasonable rate). Second, Plaintiff has paid his legal bills that were due. (*See id*. at 7-8, 35-36.) Third, 532.60 hours to litigate this matter is reasonable. Specifically, none of the individual billings appear excessive for the task cited, and the billings are reasonable given the nature of the work involved. (*See id*. at 32-35.)

award Plaintiff $13,453.04 in costs. *See, e.g.*, *Baynes*, 2012 U.S. Dist. LEXIS 39990, at *16-17 (permitting the recovery of properly documented costs for legal research charges, witness fees, video service fees, and costs for serving subpoenas); *Huu Nam Tran v. Metro. Life Ins. Co.*, No. 01-CV-262, 2006 U.S. Dist. LEXIS 68297 (W.D. Pa. Sept. 12, 2006) (permitting the recovery of costs related to the plaintiff's expert witness and copying costs); *Hines v. Chrysler Corp.*, 971 F. Supp. 212, 216 (E.D. Pa. 1997) (reading the UTPCPL to include expert fees).

Accordingly, the Court will grant in part and deny in part Plaintiff's motion for treble damages, attorneys' fees, and costs. Plaintiff will be awarded $133,700 in damages, $27,400 in attorneys' fees, and $13,453.04 in costs, for a total recovery of $174,553.04.

## VI. Conclusion

For the reasons set forth above, Defendant's motion for judgment as a matter of law or, in the alternative, motion for a new trial will be denied. Plaintiff's motion for treble damages, attorneys' fees, and costs will be granted in part and denied in part.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY GADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 3:13-17** |
| **v.** ) | |
| ) | **JUDGE KIM R. GIBSON** |
| **JERRY ELLIS,** *trading as* **JERRY ELLIS** ) | |
| **CONSTRUCTION,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

**AND NOW,** this 18th day of March, 2016, upon consideration of Defendant's

motion for judgment as a matter of law or, in the alternative, motion for a new trial and

Plaintiff's motion for treble damages, attorneys' fees, and costs, and the parties' responses

thereto, and for the reasons set forth in the attached memorandum opinion, **IT IS**

**HEREBY ORDERED** as follows:

1) Defendant's motion for judgment as a matter of law or, in the alternative,
   motion for a new trial (ECF No. 105) is **DENIED**.

2) Plaintiff's motion for treble damages, attorneys' fees, and costs (ECF No.
   102) is **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiff is awarded $133,700 in damages.

   b. Plaintiff is awarded $27,400 in attorneys' fees.

   c. Plaintiff is awarded $13,453.04 in costs.

   d. Plaintiff is awarded a total recovery of $174,553.04.

3) **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment

   in favor of Plaintiff Gary Gadley and against Defendant Jerry Ellis, trading

   as Jerry Ellis Construction, and shall mark this case closed.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**